UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM G. MOORE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C05-5425FDB

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 AND MOTION FOR RETURN OF PROPERTY PURSUANT TO RULE 41

Before the court is Petitioner William G. Moore's petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 and motion for return of property under Rule 41, Federal Rules of Criminal Procedure. Having considered the parties' pleadings, briefs and the balance of the record, the court finds that the motions should be denied.

I.

Following a jury trial, Petitioner was convicted in October 1995 of Conspiracy to Manufacture Methamphetamine, Conspiracy to Money Launder and Aiding and Abetting the Manufacture of Methamphetamine. Petitioner was sentenced to life imprisonment on June 28, 1996. Defendant's appellate counsel represented that there were no viable issues to appeal and with Petitioner's consent, the Ninth Circuit granted a voluntary dismissal of the appeal (Court of Appeals No. 96-30212). The litigation that followed is worth noting here.

Petitioner timely filed his first petition pursuant to 28 U.S.C. § 2255. That petition was denied by the court. On April 17, 1998, the Ninth Circuit granted a Certificate of Appealability and appointed new counsel (Court of Appeals No. 98-35449). In his appeal, Petitioner claimed ineffective assistance of counsel, *Brady* violations, perjury by government witnesses, and denial of

ORDER - 1

post-trial evidentiary hearings. On February 2, 2000, the Ninth Circuit denied Petitioner's section 2255 challenges and affirmed the court's judgment and sentence. The Ninth Circuit also denied rehearing *en banc* and the Supreme Court denied Certiorari.

The government initiated a civil forfeiture action (C96-5437T) predicated upon fraudulent schemes of the Petitioner which involved fictitious commodity sales and Petitioner's attempted use of counterfeit Japanese bonds. The court entered judgment in favor of the government and forfeited the counterfeit bonds and other fraud proceeds including a Jeep and grand piano. Petitioner appealed and the Ninth Circuit affirmed the forfeitures. (Court of Appeals Nos. 97-35906, 99-35461).

Petitioner then filed a *Bivens*-type action (C97-5144T) against the United States, various Assistant U.S. Attorneys and law enforcement officials who participated in his prosecution, claiming official misconduct. The court dismissed the matter. Petitioner appealed and the Ninth Circuit affirmed the dismissal. (Court of Appeals No. 98-35295).

Petitioner filed a second *Bivens*-type matter (C98-1518RSL), making the same claims as in his first suit, but adding the spouses of the government officials as defendants. The court dismissed the case.

On July 17, 1998, Petitioner filed a motion for return of property pursuant to Rule 41 (CR95-5415JET), seeking return of evidence seized pursuant to a search warrant executed as part of the underlying criminal investigations. The court denied the motion. Petitioner appealed and the Ninth Circuit consolidated the matter with the pending appeal of Petitioner's Section 2255 petition. The Ninth Circuit affirmed, but modified the district court's order, directing some items returned to Petitioner or his relatives. (Court of Appeals No. 98-35449).

On October 31, 2000, Petitioner filed a motion for authorization to file a successive petition pursuant to Section 2255. His petition raised the same issues as in his previous petition and litigated in the appeal. The Ninth Circuit denied the Petitioner's request. (Court of Appeals No. 00-71394).

ORDER - 2

On February 6, 2001, Petitioner again filed a Section 2255 petition. The Ninth Circuit denied it as a successive petition. (Court of Appeals No. 01-7019).

On March 8, 2001, Petitioner filed another Section 2255 petition. The Ninth Circuit denied it as a successive petition and warned Petitioner of sanctions if such filings continued. (Court of Appeals No. 01-70381).

Petitioner filed a petition for Writ of Mandamus which the court denied. (C01-5455L). On November 6, 2001, Petitioner filed the Petition with the Court of Appeals, which affirmed the court's denial of the Writ. (Court of Appeals No. 01-80242).

On June 3, 2002, Petitioner filed for a Certificate of Appealability. The Ninth Circuit denied the motion and the Supreme Court denied Certiorari. (Court of Appeals No. 02-35123; Supreme Court No. 02-6211).

On November 8, 2002, Petitioner filed a second petition for Writ of Mandamus. The Ninth Circuit denied the petition. (Court of Appeals No. 02-73793).

Petitioner filed a third petition for Writ of Mandamus, which was denied by the court. C03-971RSL. Petitioner appealed and the Ninth Circuit affirmed the court's denial. Rehearing *en banc* was denied. The Supreme Court denied Certiorari. (Court of Appeals No. 03-35607; Supreme Court No. 04-5455).

Petitioner filed another Section 2255 motion which was denied by the court. On February 5, 2003, Petitioner filed a motion for leave to file a successive 2255 petition. The Ninth Circuit denied the motion. (Court of Appeals No. 03-70515).

Petitioner filed another Section 2255 petition, which the court denied. (C04-0216RSM). On January 25, 2005, the Ninth Circuit directed the court to grant or deny a Certificate of Appealability, which the court denied on February 4, 2005. On June 7, 2005, the Ninth Circuit affirmed denial of the Certificate of Appealability. (Court of Appeals No. 04-36102).

On June 20, 2005, Petitioner again filed a petition pursuant to Section 2255; the instant

ORDER - 3

motion, which was consolidated with Petitioner's Rule 41 motion for return of property filed on November 28, 2005.

## II.

A defendant is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. No hearing is necessary if the allegations can be refuted from the trial record. *Miller v. United States*, 339 F.2d 704 (9th Cir. 1964). No hearing is required even if the motion is based on claims outside the record if the allegations, viewed against the record, fail to state a claim for relief or are incredible or patently frivolous. *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam)).

The court finds that no evidentiary hearing is required in this case as the matters raised by Petitioner have been previously litigated or are without merit.

## III.

Petitioner raises three claims. He urges that his successive petition should be allowed because the Supreme Court has created a new rule of constitutional law made retroactive to his case. Second, he claims that new rule, contained in *Crawford v. Washington*, 541 U.S. 36 (2004), renders certain evidence inadmissible against him. Finally, Petitioner argues that his successive petition should be allowed because he has newly discovered evidence demonstrating his actual innocence.

### A.  *Crawford Claim is Untimely and Does Not Apply.*

Petitioner urges the court to apply the new evidentiary rule created in *Crawford*. That case became final on March 8, 2004. Petitioner's motion, however, was not filed until June 20, 2005. Petitions pursuant to Section 2255 must be filed within one year of the underlying judgment or within one year of the date on which the right asserted. This one year limitation runs from the date the Supreme Court recognized the rule, not the date it was made retroactive. *Dodd v. United States*, 125 S.Ct. 2478 (2005).

ORDER - 4

Additionally, the Supreme Court has not stated that the rule in *Crawford* is retroactive. Thus, it has no application to this 2255 petition.[1]

### B.  Petitioner Cannot Demonstrate Actual Innocence.

A defendant may submit a second or successive petition if the Court of Appeals certifies that the petition contains newly discovery evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.  To be newly discovered, the evidence must have been discovered after the previous Section 2255 petition and not merely after conviction.  *Libby v. Manguson*, 117 F.3d 43, 50 (1st Cir. 1999).  The new evidence must also relate to factual innocence. *See, e.g., United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003); *Villafuerte v. Stewart*, 142 F.3d 1124, 1126 (9th Cir. 1998).  Claims of *Brady* violations and ineffective assistance of counsel are the "sort of latter-day evidence brought forward to impeach a prosecution witness" that will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart [of the government's case].  *Sawyer v. Whitley*, 112 S.Ct. 2514, 2524 (1992).

The essence of Petitioner's claims in this case is to attempt to impeach the credibility of several co-conspirator witnesses, to complain about the government's use of those witnesses, as well as his trial counsel's effectiveness in cross-examining them.  These complaints do not demonstrate Petitioner's "actual innocence."  As noted by the Court of Appeals when it affirmed Petitioner's convictions in his first Section 2255 appeal, "the evidence against [Petitioner] was overwhelming," and was not limited to the testimony of which Petitioner complains.

---

[1] Petitioner's reliance on *Crawford* is also substantively misplaced.  He attacks hearsay evidence contained in affidavits he claims caused his arrest and trial.  This type of evidence may properly be used in pretrial proceedings.  *Crawford* also does not apply to sentencing hearings, which is another of Petitioner's claims.  Petitioner argues that he did not have an opportunity to cross examine Customs Agent Hendrixson or FBI Agent Bone.  The record reflects that both testified and were cross-examined at a pretrial hearing on October 3, 1995.  Neither of them testified at trial and therefore no testimonial hearsay was offered at the trial.

ORDER - 5

### C. Law of the Case.

Although Petitioner argues that the new rule of *Crawford* should apply to his case, he also urges the same issues that he has previously litigated. The court and the Ninth Circuit have already considered and rejected Petitioner's claims of *Brady* violations, that the government withheld evidence, his characterization of DEA Agent Kim's affidavit and payments to witnesses. All of these claims were rejected, as were Petitioner's claims that his counsel was ineffective and that the government acted improperly.

These arguments will not be considered further. *See, e.g., United States v. Maybusher*, 735 F.2d 366 (9th Cir. 1984); *United States v. Rosales*, 606 F.2d 888 (9th Cir. 1979).

### D. Rule 41 Motion.

Petitioner claims that the government illegally seized and disposed of sports memorabilia, a coin collection and weapons. Petitioner also moves for the return of various property including business records, a jeep, a piano, and two Japanese bonds. These claims have been previously litigated. Some of the property at issue was seized pursuant to the warrant in the underlying criminal case (CR95-5415JET); some of the property was the subject of a civil forfeiture action (C96-5437T). In the civil forfeiture matter, the court forfeited bonds it found to be counterfeit and fraudulent, along with the jeep and piano. Petitioner appealed this decision and the Ninth Circuit affirmed. (CA 97-35906).

In the criminal drug and money laundering case, Petitioner filed a motion for return of various property, but later withdrew the motion. On July 17, 1998, Petitioner filed a second Rule 41 motion seeking return of records, a computer, sports memorabilia, a coin collection, emerald ring, and cash. The court denied the motion on November 4, 1998. Defendant appealed. The Ninth Circuit modified the court's order, directing the government to copy Petitioner's computer and return it and to return a rifle and shotgun to the Petitioner's designee. The remainder of the court's

ORDER - 6

order denying the Rule 41 motion was affirmed.[2]

To the extent Petitioner claims an underlying illegality to the searches and seizures, the court and the Ninth Circuit have already reviewed their legality. The Ninth Circuit stated that the Petitioner has not shown that any of the property was seized in violation of his constitutional rights. (Court of Appeals No. 98-35449). The Ninth Circuit also affirmed the civil forfeitures as proceeds of the fraud scheme. (Court of Appeals Nos. 97-35906; 99-35461).

IV.

Following the filing of his section 2255 petition and rule 41 motion, Petitioner filed numerous motions, including a motion for summary judgment, motion to disqualify government counsel, motion to recuse the U.S. attorney. These pleadings duplicate the matters raised in the 2255 petition and Rule 41 motion. Accordingly, they will be denied as moot.

ACCORDINGLY,

IT IS ORDERED:

(1) Petitioner's petition under 28 U.S.C. § 2255 and motion for return of property under Rule 41 (Dkt#1) are **DENIED**;

(2) Petitioner's motions to disqualify government counsel (Dkt.#8), to recuse government counsel (Dkt.#9), for summary judgment (Dkt.#10), and for sanctions (Dkt.#14) are **DENIED** as moot; and

(3) The Clerk of the Court is directed to send copies of this Order to Petitioner and all counsel of record.

DATED this 16th day of February, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[2] Indeed, some of the property at issue was the subject of a competing claim, for which Petitioner and the competing claimant provided proof of their respective claims to the court. (CR191; CR95-5415T).

ORDER - 7